UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

A BAR AND GRILL WITH
A BITE, INC. ET AL.                                CIVIL ACTION

VERSUS                                             NO: 16-13623

HOWARD HUGHES CORP. ET AL.                         SECTION "H"

ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Doc. 6). For the following reasons, the Motion is GRANTED.

BACKGROUND

Plaintiffs, A Bar and Grill with a Bite, Inc. and La Criollo, Inc, are the owners of two restaurants, Crazy Lobster and Time Out ("the Restaurants"), which operate in the Riverwalk Outlet Collection in New Orleans, Louisiana. Plaintiffs entered into lease agreements with Defendant Riverwalk Marketplace New Orleans, LLC ("Riverwalk") to lease space in the Riverwalk Outlet Collection. Plaintiffs allege that Defendants Riverwalk, the Howard Hughes Corporation, and its manager, Frank Quinn, have continuously harassed Plaintiffs in an effort to interfere with and terminate their leases. Such harassment includes turning off lights, refusing to perform repairs, blocking the restaurant entrances, interfering with utilities, and hosting events that decrease Plaintiffs' sales or block views. Plaintiffs filed suit in the Civil District Court for Orleans Parish, alleging claims of (1) breach of contract,

1

(2) intentional misrepresentation and continuous harassment, (3) tort, and (4) bad faith failure to renegotiate a lease extension. Defendants thereafter removed the matter to this Court, asserting diversity jurisdiction and the fraudulent joinder of non-diverse Defendant Frank Quinn. Plaintiffs have filed the instant Motion to Remand asking this Court to find that Quinn is not fraudulently joined and that this Court therefore lacks diversity jurisdiction to retain this matter.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "[t]he claims in the state court petition as they existed at the time of removal."[3] Removal statutes should be strictly construed, and any doubt should be resolved in favor of remand.[4]

## LAW AND ANALYSIS

This is an issue of fraudulent joinder. In removing this case from state court, Defendants allege that Defendant Frank Quinn, a non-diverse party, was fraudulently joined because Plaintiffs cannot state a claim against him. Plaintiffs' state court petition alleges that Quinn acted in bad faith by interfering with their business operations and peaceful possession. Plaintiffs point to these allegations in their Motion to Remand this matter back to state court.

---

[1] 28 U.S.C. § 1441(a).
[2] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[3] *Id.*
[4] *Id.*; *Camellia Grill Holdings, Inc. v. Grill Holdings, LLC*, No. 15-3795, 2015 WL 5775003, at *1 (E.D. La. Sept. 30, 2015).

Defendants respond that the allegations of the petition make clear that Plaintiffs' dispute is with Defendant Riverwalk, and not with Quinn. They argue that the Plaintiffs cannot succeed on a claim against Quinn for several reasons: (1) Quinn cannot be held personally liable for performing general administrative responsibilities as part of his employment, (2) Plaintiffs executed a release of any claims arising prior to April 24, 2014 against Defendants, (3) many of the allegations against Quinn are time-barred by language in the lease agreements and the law, (4) the lease agreements authorize the conduct alleged against Quinn, and (5) many of the allegations against Quinn are conclusory. Although several of Defendants' arguments have merit, they do not eliminate all of Plaintiffs' allegations against Quinn.

"The question for the district court is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[5] This Court holds that Defendants have not shown that Plaintiffs have no possibility of recovery against Quinn. This Court has identified at least one allegation against Quinn for which Plaintiffs have a possibility of recovery. In Paragraph 13 of their state court petition, Plaintiffs allege that "[a]s a result of harassment by Quinn and his employer, and in bad faith, and with intent to permanently terminate the Crazy Lobster lease, the above named directed and interfered with Time Out sales from 2012 to date, and blocked the main entrance to Crazy Lobster and Time Out."[6] None of Defendants' arguments dispel the possibility of Plaintiffs succeeding on this claim.

---

[5] *Howard v. Wal-Mart Stores, Inc.*, No. 09-164, 2009 WL 981688, at *1 (E.D. La. Apr. 13, 2009).

[6] Doc 1-1.

3

First, Defendants argue that Quinn cannot be held personally liable for the allegations of the petition because the acts alleged were committed in the course and scope of his employment. This Court finds, however, that the petition sufficiently raises the possibility that Quinn committed these acts outside of his responsibilities as a manager of Defendant Riverwalk. Under Louisiana law, an employee can be held personally liable for his tortious acts if he is found to have committed them outside the scope of his employment. "The course and scope of employment inquiry requires the trier of fact to determine whether the employee's tortious conduct was so closely connected in time, place and causation to his employment-duties as to be regarded a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interests."[7] Plaintiffs' petition raises sufficient allegations of harassment on the part of Quinn that there is a possibility that Plaintiffs could recover from him for his ultra vires tortious conduct. For instance, a liberal reading of the petition could lead to the conclusion that Quinn blocked the entrance to the Restaurants, interfered with sales, or turned off lighting outside of the Restaurants for "purely personal considerations" of harassment and not as part of his employment.

Second, Defendants argue that Plaintiff's claims are timed-barred for two reasons: (1) Plaintiffs had previously executed a release of any claims arising prior to April 24, 2014 against Defendants and (2) both the language of the lease agreements and the law require that Plaintiffs file claims within one year of the complained of conduct. Neither of these timeliness arguments negate the allegations in Paragraph 13. Paragraph 13 states that Defendants' harassing tactics have continued "to the

---

[7] *Savoy v. Harris*, 20 So. 3d 1075, 1079 (La. App. 1 Cir. 2009) (internal quotation marks omitted).

4

present date," and therefore they are not time-barred by either the terms of the lease, the release, or the law.

Third, Defendants argue that the lease agreements authorize the conduct alleged in the petition. In support of their argument that the lease agreements permit Defendants to block the entrance to the Restaurants as alleged in Paragraph 13, Defendants point to Articles 9 and 17(B) of the lease agreements. Article 9 states that Defendants have the right to make any alterations or changes to the building.[8] Article 17(B) states that the Defendants have control over the joint use areas of the Riverwalk property and that they have the right to "redesignate, modify, alter, close, restrict, expand, reduce and change the Joint Use Areas."[9] Neither of these sections, however, states that Defendants have the right to block the entrance to the Plaintiffs' businesses, thereby reducing sales. Under both the law and the lease agreement, Plaintiffs have a right of peaceful possession of their leased property.[10] Indeed, the Louisiana Supreme Court has affirmed the award of damages for a violation of the warranty of peaceful possession caused by construction that blocked the entrance to a restaurant and resulted in a reduction in profits.[11]

Finally, this Court finds that Plaintiffs' allegations against Quinn are not conclusory. Plaintiffs allege generally that Quinn harassed them but also specifically allege examples of harassing acts, such as blocking the entrance of the Restaurants.

Accordingly, this Court holds that Plaintiffs have the possibility of recovering from Quinn on at least one of their claims. Quinn was therefore not fraudulently joined. Because Quinn is a non-diverse party, this Court lacks jurisdiction over this matter.

---

[8] Doc. 11-1.
[9] Doc. 11-1.
[10] La. Civ. Code art. 2700.
[11] *Dehan v. Youree*, 109 So. 498, 503 (1926) ("[T]he lessors in demolishing the Phoenix building caused a great deal of noise, dust, and confusion about the restaurant. That they blocked entirely the pavement in front of the building and forced all of his patrons to pass through a narrow, winding temporary passageway, subjecting said customers to physical danger and inconvenience, and that in consequence the patronage was very greatly reduced, which entailed a loss of profits to the extent stated.").

5

## CONCLUSION

Plaintiffs' Motion to Remand is GRANTED and this case is REMANDED to state court.

New Orleans, Louisiana this 15th day of November, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**